[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED MEMORANDUM OF DECISION RE: MOTION TO STRIKE AMENDED COMPLAINT (NO. 120)
In the present matter, on December 11, 2000, the plaintiff, Michelle Butlein, filed an amended complaint against defendant Corporate Cleaning Services, Inc. (Corporate Cleaning). Butlein alleges that she sustained injuries and losses when she fell on an accumulation of water on the floor of the foyer of property owned by the defendant 1220 WR Associates, LLC (1220 WR Associates) when she was present as a customer of defendant Peter Coppola Salons, Inc. In her amended complaint, Butlein alleges Corporate Cleaning was responsible for maintaining the foyer and keeping it reasonably safe for patrons of the building.
Corporate Cleaning moves to strike the plaintiff's complaint against it on the basis that the underlying apportionment complaint, filed by defendant 1220 WR Associates against Corporate Cleaners was stricken by the court, Rush, J., on January 23, 2001. Judge Rush struck the apportionment complaint, citing to Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 27, 1999, Skolnick, J.) (this case exemplifies the split that existed in the Superior Court regarding whether an apportionment complaint could be filed against an independent contractor by a landowner, holding that a landowner could not delegate its non-delegable duty to keep its premises safe and, therefore, striking the apportionment complaint). Corporate Cleaning argues that once the apportionment complaint was stricken, the plaintiff's claim against it is insufficient as a matter of law because the ability to amend is derivative and that the rights afforded to the plaintiff pursuant to General Statutes § 52-102b also fail.
In opposition, the defendant, 1220 WR Associates, Inc., argues that the plaintiff's ability to amend her complaint is not derivative of General Statutes § 52-102b because she is able to bring suit directly against Corporate Cleaners per General Statutes § 52-584. Said defendant also argues that per a recent decision from our Supreme Court, the amended complaint sets forth a legally sufficient cause of action.
The court finds that the plaintiff alleges a sufficient negligence cause of action against Corporate Cleaners. In a decision released January 30, 2001, our Supreme Court held that an independent contractor can also be found to owe a duty to the plaintiff if the relationship between his alleged negligence and the plaintiff's injuries was direct CT Page 6990 and well within the scope of foreseeability. See Gazo v. Stamford,255 Conn. 245, 251, 765 A.2d 505 (2001). Construing the facts in the complaint most favorably to the plaintiff; see Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997); the plaintiff alleges a sufficient negligence cause of action against Corporate Cleaners.
In addition, the plaintiff's negligence cause of action against Corporate Cleaners is timely as the accident occurred on February 19, 1999, and General Statutes § 52-584 requires that a negligence cause of action be brought within two years from the date the injury is sustained or discovered, but no later than three years from the date of the act. Accordingly, the plaintiff had until February 19, 2001, to file a negligence cause of action. The plaintiff filed her original complaint against 1220 WR Associates and Peter Coppola Salons, Inc. on August 1, 2000. On December 12, 2000, the plaintiff filed her amended complaint that added Corporate Cleaners as a defendant. Therefore, the plaintiff filed a timely action per § 52-584.
For the foregoing reasons, the motion to strike the plaintiff's amended complaint is denied.
SKOLNICK, J.